# Wytheville

JESSE M. HUTSON V. COMMISSION OF FISHERIES.

June 15, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*Gilbert L. Diggs* and *Vaughan Rue Truitt,* for the plaintiff in error.

*W. M. Minter* and *Allan D. Jones,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This controversy involves the assignment of oyster-planting ground in Horn Harbor, located in Mathews county.

On November 17, 1930, Hutson, the plaintiff, made application to C. R. Thomas, oyster inspector, for an assignment of four acres, more or less, of oyster-planting ground. Notice of this application was duly posted by the inspector, and due publication thereof was had in the county newspaper. As required by statute, the planting ground was surveyed and a plat furnished Hutson. On the 26th day of March, 1931, the following assignment was issued by the inspector

"COMMONWEALTH OF VIRGINIA

*"Commission of Fisheries*

"Oyster Inspector's Assignment

" (One copy to be attached to and recorded with the plat.)

"Oyster District No. 10, County of Mathews, Va.

"Application having been made to me by Jesse M. Hut-

son for ground for oyster planting purposes in the waters of Horn Harbor in my said district and county, notice of same, its acreage to be 5.528 acres, and all legal requirements and payments having been met by the applicant.

"Now, therefore, the said 5.528 acres of oyster planting ground as shown by the plat of survey to which this assignment is attached, is hereby assigned to the said Jesse M. Hutson of Peary in the Commonwealth of Virginia to be held by him, his heirs and assigns for a period of twenty years, provided the yearly rent is paid in advance at $1.00 per acre, as oyster planting ground under the laws of Virginia made or to be made.

"Witness my official signature this 26 day of March, 1931.

"G. R. THOMAS,

"Oyster Inspector.

"District No. 10, County of Mathews, Va."

The assignment was delivered to the clerk of the circuit court for recordation, but on the following day the clerk was notified by the inspector not to record the assignment issued to Hutson, giving as his reason for the notification that there was a controversy between Hutson and W. F. Hudgins (the real defendant in error), in regard to the priority of applications for assignment of the designated oyster-planting ground.

In some manner not disclosed by the record, the matter was taken before the Commission of Fisheries for decision. No formal action was taken by the Commission, which convened in April, 1931, but it is stated in the petition for a writ of error that the Chairman of the Commission orally instructed Hudgins to have the ground surveyed, a plat made thereof, and to give Hutson notice of the time of survey.

On July 21, 1931, the Commission met again. The record contains this extract from the minutes:

"The first matter taken up was that of Wilbur F. Hudgins ground in Horn Harbor, which was applied for by

Jesse Hutson, same having been previously taken up before the Commissioner, and Hudgins was instructed at that time to have a *plot* made of his holdings, which *plot* was made June 2, 1931, by G. L. Evans, surveyor, and submitted to the Commission. It is ordered that Hudgins have the surveyor to make a *plot* in accordance with the broken lines shown on *plot* submitted, and inspector be instructed to assign the ground as shown on said *plot*."

Apparently pursuant to the action of the Commission, Inspector Thomas assigned the ground in question to Hudgins.

The order above quoted is a complete record of the Commission's action. There is nothing in the record before us to indicate that a formal hearing was had. It does appear by allegations, which are not denied, that Hutson was not given notice of the hearing at which the order was entered nullifying the assignment theretofore made to him. Having heard incidentally of the assignment made to Hudgins, Hutson gave written notice of his intention to appeal from the decision rendered.

In the petition filed in the circuit court, attention is specifically called to the action of the Commission in rendering a decision without first giving Hutson notice of the hearing. The decision is also attacked on the ground that no legal evidence was introduced before the Commission upon which a decision could be rendered.

By agreement of the parties, a trial of the case was had before the court, which sustained the action of the Commission and entered judgment for the defendant, Hudgins.

In an effort to compose the many differences arising out of what is generally spoken of as the "oyster question," the General Assembly enacted a statute in 1930 (Laws 1930, ch. 90), vesting in the Governor the power to appoint a Commissioner of Fisheries, who, together with four other members, should constitute a Commission of Fisheries. Though broad powers are conferred upon the Commission to hear and determine matters touching the oyster industry

of the State, no formal rules of procedure are specified. It is provided, however, that from any decision of the Commission, affecting the property rights of any person, there shall be allowed, as a matter of right, an appeal to the circuit court, etc. Inasmuch as the statute affords an appeal from the decision of the Commission to the courts, as a matter of right, the conclusion is inescapable that every person whose right of property is to be affected by the decision is entitled to a legal hearing.

Our conclusion is that plaintiff in error has not been afforded such a hearing as the statute contemplates.

The judgment of the circuit court will be reversed and the case remanded, with direction to the trial court to refer the case to the Commission of Fisheries for a hearing *de novo*.

*Reversed and remanded.*